BUNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF FLORIDA
CASE NO.:

VALENTINA L. SPALDING,

    Plaintiff,

v.

BEACH HOUSE TREATMENT CENTER, LLC d/b/a
BEACH HOUSE CENTER FOR RECOVERY, a Florida
Limited Liability Company

    Defendant.
_____/

## COMPLAINT

Plaintiff, VALENTINA L. SPALDING ("SPALDING" or Plaintiff), by and through her undersigned attorney, hereby files this Complaint against Defendant, BEACH HOUSE TREATMENT CENTER, LLC d/b/a BEACH HOUSE CENTER FOR RECOVERY (hereinafter, "BEACH HOUSE" or "Defendant"). In support of her complaint, Plaintiff states the following:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Florida Statutes.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all the actions which give rise to the forgoing causes of action occurred in Palm Beach County, Florida.

## PARTIES

5. Plaintiff SPALDING, at all times relevant, resided within the Southern District of Florida. Plaintiff is over the age of eighteen years and otherwise *sui juris.*

6. Plaintiff is a female who complained about sexual harassment and was subjected to retaliation. She is therefore a member of a class protected under Title VII of the Civil Rights Act of 1964 and the FCRA because the terms, conditions, and privileges of her employment were altered because of her sex, female, and in retaliation for complaints she made.

7. Defendant BEACH HOUSE is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Palm Beach County, Florida. Defendant BEACH HOUSE has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant is a business focusing on providing treatment for drug and alcohol addictions. Plaintiff was employed at Defendant's business located in Palm Beach County, Florida.

9. BEACH HOUSE has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against Defendant with the Palm Beach County Office of Equal Opportunity ("OEO"), which was dually filed with the Equal Employment Opportunity Commission ("EEOC") pursuant to the work-sharing agreement between the two agencies.

11. SPALDING filed her charge on or about September 24, 2018, which was no more than 300 days after the last discriminatory event occurred, to wit: July 13, 2018s.

12. OEO transferred Plaintiff's charge to EEOC, which issued SPALDING a Notice of Right to Sue on May 22, 2019. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

13. The EEOC did not issue a finding on Plaintiff's charge after more than 180 days had passed since the filing of said charge, and therefore terminated its processing of said charge.

## **GENERAL ALLEGATIONS**

14. SPALDING was hired as a Behavioral Health Tech ("BHT") at BEACH HOUSE in May 2018.

15. SPALDING was assigned to work the same shift, from 3:00 p.m. through 11:00 p.m. for most of her employment with BEACH HOUSE, where Plaintiff was the only female.

16. When Plaintiff started working at BEACH HOUSE, she asked Human Resources and her supervisor, Myrna, whether she could wear a sweater because she felt cold in the units.

17. Plaintiff was advised that a sweater was allowed as long as her badge was visible.

18. Shortly afterwards, Myrna began instructing Plaintiff's male co-workers to ask Plaintiff to lift up her hoodies or sweaters to check Plaintiff's work shirt, in front of patients and/or Plaintiff's co-workers.

19. Plaintiff's co-workers had no similar dress code restrictions, and were not required to lift up their clothes to show their work shirt.

20. Plaintiff talked with Myrna and advised that Myrna should stop her instructions on male co-workers because Myrna's instructions were not appropriate and would constitute illegal sexual harassment.

21. Nonetheless, Myrna continued her actions and manually took out lunch breaks from Plaintiff's time when Plaintiff did not take any.

22. On or about July 9, 2018, Plaintiff complained to Ms. Webbe at BEACH HOUSE's Human Resources Department, about Myrna's sexual harassment, but no actions were taken.

23. Myrna's harassment continued and on or about July 12, 2018, Myrna confronted Plaintiff about her complaint to Human Resources. Myrna then asked Plaintiff to come into a room without cameras, together with a male co-worker. Myrna asked Plaintiff to lift up her sweat shirt and suggested that Plaintiff would regret it if she refused to do so.

24. Plaintiff was in fear for her safety and submitted her resignation through email the next day. Minutes after Plaintiff submitted her resignation, Ms. Webbe called Plaintiff, advising that Plaintiff was fired, because "it was not working for them".

25. The reason Defendant provided for Plaintiff's termination is pretextual.

26. Even if Defendant had a legitimate, non-discriminatory reason, SPALDING's sex and her complaint for sexual harassment was, at minimum, a motivating factor in Defendant's decision for her termination[1].

27. Prior to her termination, SPALDING was unaware of any performance deficiencies and she had not been previously disciplined.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

28. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

29. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (DISCRIMINATION BASED ON SEX)

30. Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

31. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §2000e for damages caused by Defendant's sexual harassment against Plaintiff.

32. Plaintiff is a member of a protected class, to wit, female.

33. Myrna, through herself and male co-workers, frequently inflicted on Plaintiff unwelcome sexual advances, specifically asking Plaintiff to lift up her shirts in front of patients and male co-workers.

34. Myrna's harassment was so frequent and severe that it created a hostile and/or offensive work environment. Myrna's harassment aggravated after Plaintiff complained to Defendant's Human Resources, which eventually lead to Plaintiff's termination.

35. Plaintiff was advised that she was terminated because "it was not working for them", which is pretextual.

36. Even if Defendant had a legitimate, non-discriminatory reason, SPALDING's sex was, at minimum, a motivating factor in Defendant's decision for her termination.

37. Defendant's supervisor, Myrna, acted with intentional disregard for Plaintiff's rights as a woman and a person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Myrna, and/or other employees.

5

38. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

39. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its director of nurses. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff VALENTINA L. SPALDING requests that:

a) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b) The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

   d) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (HOSTILE WORK ENVIRONMENT)

40. Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

41. Plaintiff brings this action under the Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §2000e for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the sexual harassment Myrna inflicted on Plaintiff.

42. Plaintiff is a member of a protected class, to wit, female.

43. Myrna frequently inflicted on Plaintiff unwelcome sexual advances, specifically asking Plaintiff to lift up her shirt in front of patients and male co-workers.

44. Myrna was Plaintiff's supervisor during the entirety of her employment with Defendant, and Myrna's sexual harassment was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Myrna's conduct was severe and pervasive from both a subjective and objective perspective.

45. Despite Plaintiff's complaint to Defendant's Human Resources Department for multiple times, Myrna has not, upon information and belief, been disciplined for his conduct.

46. Defendant's supervisor, Myrna, acted with intentional disregard for Plaintiff's rights as a woman and a person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Myrna, and/or other employees.

47. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII as a direct result of Defendant's discriminatory actions.

48. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its director or nurses. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff VALENTINA L. SPALDING requests that:

a) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b) The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (RETALIATION)

49. Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

50. Plaintiff brings this action for retaliation in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §2000e.

51. On or about July 9, 2018, SPALDING complained to Ms. Webbe from Defendant's Human Resources Department about Myrna's constant sexual harassment. Ms. Webbe promised to resolve the issue, but no actions were taken.

52. At the time Plaintiff made her complaint, she had an objectively reasonable belief that the harassment she experienced was due to her sex, as female.

53. As a result of her complaint with the Human Resources, on or about July 12, 2018, Myrna confronted Plaintiff and threatened that Plaintiff would regret it if Plaintiff refused to lift up her shirt as requested.

54. Plaintiff was in fear for her safety and submitted her resignation through email the next day. Minutes after Plaintiff submitted her resignation, Ms. Webbe called Plaintiff advising that Plaintiff was fired because "it was not working for them."

55. The reason Defendant provided for Plaintiff's termination is pretextual.

56. Plaintiff's termination constitutes an adverse employment action under Title VII of the Civil Rights Act of 1964.

57. Defendant's actions were done with malice, and with disregard for Plaintiff's protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Myrna and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff VALENTINA L. SPALDING requests that:

a) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b) The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV: VIOLATION OF FCRA (DISCRIMINATION BASED ON SEX)

58. Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

59. Plaintiff brings this action under the Florida Civil Rights Act, Fla. Stats. § 760.01 *et seq*., damages caused by Defendant's sexual harassment against Plaintiff.

60. Plaintiff is a member of a protected class, to wit, female.

61. Myrna, through herself and Plaintiff's male co-workers, frequently inflicted on Plaintiff unwelcome sexual advances, specifically asking Plaintiff to lift up her shirt in front of patients and male co-workers.

62. Myrna's harassment was so frequent and severe that it created a hostile and/or offensive work environment. Myrna's harassment aggravated after Plaintiff complained to Defendant's Human Resources, which eventually lead to Plaintiff's termination.

63. Plaintiff was advised that she was terminated because "it was not working for them", which is pretextual.

64. Even if Defendant had a legitimate, non-discriminatory reason, SPALDING's sex was, at minimum, a motivating factor in its decision for her termination.

65. Defendant's supervisor, Myrna, acted with intentional disregard for Plaintiff's rights as a woman and a person protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Myrna, and/or other employees.

66. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

67. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff VALENTINA L. SPALDING requests that:

a) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b) The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V: VIOLATION OF FCRA
## (HOSTILE WORK ENVIRONMENT)

68. Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

69. Plaintiff brings this action under the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*, for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the sexual harassment Myrna inflicted on Plaintiff.

70. Plaintiff is a member of a protected class, to wit, female.

71. Myrna frequently inflicted on Plaintiff unwelcome sexual advances, specifically asking Plaintiff to lift up her shirts in front of patients and male co-workers.

72. Myrna was Plaintiff's supervisor during the entirety of her employment with Defendant, and Myrna's sexual harassment was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Myrna's conduct was severe and pervasive from both a subjective and objective perspective.

73. Despite Plaintiff's complaint to Defendant's Human Resources Department, Myrna has not, upon information and belief, been disciplined for his conduct.

74. Defendant's supervisor, Myrna, acted with intentional disregard for Plaintiff's rights as a woman and a person protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Myrna, and/or other employees.

75. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

76. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA.  Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its director or nurses. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff VALENTINA L. SPALDING requests that:

e) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

f) The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

g) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

h) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI: VIOLATION OF FCRA
## (RETALIATION)

77. Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

78. Plaintiff brings this claim for retaliation in violation of the Florida Civil Rights Act, § 760.01, *et seq.*, Florida Statutes.

79. On or about July 9, 2018, SPALDING complained to Ms. Webbe from Defendant's Human Resources Department about Myrna's constant sexual harassment. Ms. Webbe promised to resolve the issue, but no actions were taken.

80. At the time Plaintiff made her complaint, she had an objectively reasonable belief that the harassment she experienced was due to her sex, as female.

81. As a result of her complaint with the Human Resources, on or about July 12, 2018, Myrna confronted Plaintiff and threatened that Plaintiff would regret it if Plaintiff refused to lift up her shirt as requested.

82. Plaintiff was in fear for her safety and submitted her resignation through email the next day. Minutes after Plaintiff submitted her resignation, Ms. Webbed called Plaintiff advising that Plaintiff was fired because "it was not working for them."

83. The reason Defendant provided for Plaintiff's termination is pretextual.

84. Plaintiff's termination constitutes an adverse employment action under FCRA.

85. Defendant's actions were done with malice, and with disregard for Plaintiff's protected rights under FCRA. Defendant, by and through its officers, and/or supervisors,

authorized, condoned, and/or ratified the unlawful conduct of Myrna and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff VALENTINA L. SPALDING requests that:

a) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b) The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d) The Court award Plaintiff such other and further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff VALENTINA L. SPALDING hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: August 19, 2019

                                              LAW OFFICES OF CHARLES EISS, P.L.
                                              Attorneys for Plaintiff
                                              7951 SW 6th Street, Suite 308
                                              Plantation, Florida 33324

                          (954) 914-7890 (Office)
                          (855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
       CHARLES M. EISS, Esq.
       Fla. Bar #612073
       chuck@icelawfirm.com
       TIEXIN YANG, Esq.
       Fla. Bar #1010651
       tiexin@icelawfirm.com